WILLIS *v.* STATE

No. 40132       May 14, 1956       87 So. 2d 249

*Robert E. Arrington,* Hattiesburg, for appellant.

*John H. Price, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

Under an indictment charging the appellant Jack Willis with having "wilfully, unlawfully, feloniously and of his malice aforethought committed an assault and battery upon the person of one Ardella Willis, a human being, with a certain deadly weapon, to-wit a shot gun, then and there shooting at the said Ardella Willis with said deadly weapon, with the felonious intent to kill and murder * * *", the jury found him guilty as charged in the indictment and he was sentenced accordingly.

Ardella Willis was the former wife of the appellant Jack Willis. They had been separated for more than four years. They were divorced subsequent to this alleged assault and battery with intent to kill and murder. She testified that the defendant had shortly prior thereto requested that she return to him a record-player. She had complied with this request, and when the taxicab arrived at his place of abode between 7:30 and 8:00 on

the night of the alleged crime the defendant was not at home and the record-player was left with one of his neighbors who informed him of such fact prior to the hour when he went to the home of his then undivorced wife, carrying a shotgun.

Ardella further testified that about 9:00 o'clock on that night she and Emily Buckley were seated on the front porch of the downstairs apartment at "Robertson Place" where she resided; that her apartment was upstairs and that when she saw the defendant coming across the street in front of the apartment building with the shotgun in his hand, she "took off" by running upstairs into her living room and closing the door behind her.

Other witnesses testified that the defendant then shot into the kitchen window, about 12 feet high from the ground, while he was standing about 10 feet from the building. In other words, that he shot almost straight up and into the kitchen window. But Ardella testified that she was in her living room when she heard the shot fired. There is no proof whatever that any *battery* was committed upon her, and the record fails to disclose that the defendant could have possibly seen her at the time he fired the shot into the kitchen window. Ardella contradicted the charge in the indictment by testifying that she was not at the kitchen window but was in her living room at the time she heard the gun fire. There was no other testimony to the contrary.

The defendant testified, although contradicted in regard thereto, that he went to Robertson Place to get his record-player and that he carried his shotgun with him for protection since he thought that Johnnie Lee Buckley would be there, and that the latter had recently cut the defendant's throat to the extent that 30 stitches were required in order to close the wound. He claimed that he shot straight up toward the window to scare Johnnie

Lee Buckley, whom the defendant claimed was in Ardella's apartment.

At any rate, the defendant could not have fired the shot with the intention of killing and murdering Ardella Willis when shooting into the kitchen window, almost straight up from the ground, at a time when she was in her living room. Neither was he shooting at her at all as alleged in the indictment, so far as the proof in this record discloses. He could not have seen her at the time he fired the shot. His action may have evinced a depraved heart when he wilfully, unlawfully and maliciously shot into the kitchen window of his wife's apartment out of a spirit of meanness, but the proof does not either support or sustain the charge in the indictment.

The case must, therefore, be reversed and remanded and the appellant held on his $1,000 appearance bond pending the return of a proper indictment under an appropriate statute.

Reversed and remanded.

*Roberds, Lee, Kyle* and *Gillespie, JJ.,* concur.